IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHASITY KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 18-1245 |
| v. ) | District Judge Nora Barry Fischer |
| ) | Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM ORDER**

This civil rights action was brought by Plaintiff Chasity King ("Plaintiff") against Defendant Pennsylvania Department of Corrections ("Defendant") pursuant to Title VII, 42 U.S.C. § 2000e *et seq*. (Docket No. 1). The parties filed a Joint Statement of Undisputed Facts on February 7, 2020. (Docket No. 35). Defendant then filed a motion for summary judgment along with a brief in support thereof and a concise statement of material facts with supporting appendix. (Docket Nos. 37-39). A month later, Plaintiff not only filed responses to Defendant's motion, brief, and concise statement of material facts but also filed a concise statement of additional facts with supporting exhibits. (Docket Nos. 40-44). Defendant thereafter filed its response to her additional facts. (Docket No. 45). The motion was referred to United States Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(1), and Local Rules for Magistrate Judges 72.C.

The Magistrate Judge's Report and Recommendation (Docket No. 46), filed on May 5, 2020, recommended that the motion for summary judgment be denied because there were material issues of fact concerning each of Plaintiff's claims. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. 636(b)(1), and Local Rule of Court 72.D.2, that they

had fourteen (14) days from the date of service to file objections. (*Id.*) On May 18, 2020, Defendant filed its objections. (Docket No. 47). Nine days later, Plaintiff responded. (Docket No. 49).

Defendant's filing of timely objections requires the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1); FED. R. CIV. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §§ 636(b)(1)(C). After a review of the pleadings, documents in the case, Defendant's objections, and Plaintiff's response, together with the Report and Recommendation, the Court rejects Defendant's contention that the Report and Recommendation "ignore[d] the material facts agreed to by the parties as undisputed." (Docket No. 47 at 2).

Defendant's argument is misplaced because it misconstrues our local rule and improperly focuses on Joint Statement of Undisputed Fact 39 in isolation rather than the entirety of the parties' submissions, as the Magistrate Judge appropriately did. To this end, Local Rule 56(E) provides that "[a]lleged material facts set forth in the moving party's Concise Statement of Material Facts . . . will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or *otherwise controverted by a separate concise statement of the opposing party*." LCvR 56(E) (emphasis added). The Court also has discretion to consider evidentiary materials in the record beyond the parties' concise statements and responses thereto. *See Scalia v. WPN Corp.*, 417 F. Supp. 3d 658, 661 (W.D. Pa. 2019) (noting deficiencies under the Local Rules but declining to resolve the parties disputes as to same and instead "rely[ing] on the record as a whole to determine the applicable material facts"). Here, the parties not only provided a Joint

Statement of Undisputed Facts, they also separately provided additional statements of facts, wherein they set forth their disputes.  (Docket Nos. 35, 39, 42, 43, 45).  These submissions make clear that while the parties do not dispute that there was an incident where a corrections officer's pants inadvertently fell down after he took off his belt to enter a metal detector and a video of same was shown to other corrections' officers for training purposes, they plainly contest whether the officers viewing this video made fun of Plaintiff's reaction to this incident which was also captured on the video and she believes is one of many episodes of gender-based discrimination directed towards her at the facility.  (Docket No. 35 ¶ 39; 45 ¶¶ 123-24; 49 at 2-3).

In addition, Courts cannot view the summary judgment record in piecemeal fashion and must view it in light of all of the evidence of record.  *See Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 286 (3d Cir. 2001); *Harris v. Dolgencorp, LLC*, Civ. Act. No. 16-416, 2018 WL 513442, at *1 (W.D. Pa. Jan. 23, 2018).  Accordingly, Plaintiff's claims must be considered in light of each of the purported discriminatory acts, i.e., Sergeant Bloss's repeated reassignment of Plaintiff to work outside of the control bubble, his repeated pranks on women, the women's bathroom door being unlocked while Plaintiff was indisposed, Plaintiff's coworkers purportedly replaying her reaction to CO Stiles dropping his trousers, and Plaintiff and another female coworker being locked out in sub-zero temperatures, and in light of her numerous complaints to her co-workers and supervisors about her treatment.  (Docket Nos. 35-36, 39, 43-45).  Upon consideration of the record as a whole, the Court agrees with the Report and Recommendation that there are "material issues of fact regarding each of [Plaintiff's] claims" and that there are credibility issues that must be resolved by the jury.  (Docket No. 46); *see Mehnert v. Agilent Tech., Inc.*, Civ. Act. No. 18-593, 2020 WL 1493542, at *7 (W.D. Pa. Mar. 27, 2020) (explaining "[w]here the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial") (quoting *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011)); *see also Komis v. Sec'y of United States Dep't of Labor*, 918 F.3d 289, 293 (3d Cir. 2019) (setting forth the standard for hostile work environment and retaliation claims); *Judge v. Shikellamy Sch. Dist.*, 905 F.3d 122, 125 (3d Cir. 2018) (setting forth the standard for constructive discharge claims).

AND NOW, this 1st day of June 2020,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [37] is DENIED.

IT IS FURTHER ORDERED that Defendant's Objections [47] to the Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that the Report and Recommendation [46] of Magistrate Judge Kelly, dated May 5, 2020, is adopted as the Opinion of the Court.

IT IS FURTHER ORDERED that Plaintiff shall file her Pretrial Statement by **June 15, 2020** and Defendant shall file its Pretrial Statement by **June 29, 2020**.

*s/ Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf:   Magistrate Judge Maureen P. Kelly
All counsel of record